THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 ANCORA TECHNOLOGIES, INC.,

11                    Plaintiff,

12          v.

13 TOSHIBA AMERICA INFORMATION
SYSTEMS, INC., DELL INC., HEWLETT-
PACKARD COMPANY,

14

15                    Defendants,
          and

16 MICROSOFT CORPORATION,

17      Intervenor and Third Party Plaintiff,

18          v.

19 MIKI MULLOR,

20              Third Party Defendant.

Case No. 2:09-cv-00270-MJP

STIPULATION AND PROTECTIVE
ORDER

**Noted:  April 29, 2009**

21

22

23

24

25

**<u>Stipulated Protective Order</u>**

WHEREAS through the undersigned counsel of record, Plaintiff Ancora Technologies,

Inc., Defendants Toshiba America Information Systems, Inc., Dell Inc., Hewlett-Packard

Company, Intervenor Microsoft Corporation, and Third Party Defendant Miki Mullor

(collectively the "Parties"), respectfully request entry of this stipulated [Proposed] Protective

STIPULATION AND PROTECTIVE ORDER - 1

Order to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c),

**IT IS HEREBY ORDERED** as follows:

**<u>Information Subject To This Order</u>**

1.      For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material that is produced or disclosed by a producing party to a receiving party; which the producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, reasonably considers to constitute or to contain trade secrets or other confidential research, development, proprietary, business or commercial information within the meaning of Fed. R. Civ. P. 26(c), whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the producing party.

2.      For purposes of this Order, "HIGHLY CONFIDENTIAL INFORMATION" shall mean information or material that is produced or disclosed by a producing party to a receiving party; which constitutes proprietary financial or technical information or commercially sensitive competitive information that the producing party maintains as highly confidential within its business.  Only the following categories of documents may be designated "HIGHLY CONFIDENTIAL INFORMATION:"  (1) strategic business plans that include competitive intelligence, (2) technical documents (including e-mail) that are not shared with third Parties, (3) detailed financial information, and (4) source code (i.e., computer instruction and data definitions expressed in a form suitable for input to an assembler, compiler

STIPULATION AND PROTECTIVE ORDER - 2

1  or other translator).  All source code may be further designated under paragraph 22 of this

2  Order.

3      3.      Any document or tangible thing containing or including any CONFIDENTIAL

4  INFORMATION may be designated as such by the producing party by marking it

5  "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.  Any

6  document or tangible thing containing or including any HIGHLY CONFIDENTIAL

7  INFORMATION may be designated as such by the producing party by marking it "HIGHLY

8  CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

9  CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION

10  may sometimes be referred to herein as "Protected Material."

11      4.      Inadvertent or unintentional production of documents or information containing

12  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that are

13  not designated as such shall not be deemed a waiver in whole or in part of a claim for

14  confidential treatment.  If a producing party inadvertently discloses or produces any

15  information that it deems to be CONFIDENTIAL INFORMATION or HIGHLY

16  CONFIDENTIAL INFORMATION without so designating the information, the producing

17  party shall promptly upon discovery of such inadvertent disclosure inform the receiving party

18  in writing.  The receiving party shall thereafter treat the CONFIDENTIAL INFORMATION or

19  HIGHLY CONFIDENTIAL INFORMATION as if it had always been so designated under this

20  Protective Order.  To the extent that, prior to having been informed by the producing party,

21  such information may already have been disclosed to persons not authorized to see the

22  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the

23  receiving party shall make every reasonable effort to retrieve the information promptly from

24  such persons and to limit any further disclosure to unauthorized persons.  The receiving party

25  shall bear no liability to the producing party, however, for the actions of third Parties to whom

STIPULATION AND PROTECTIVE ORDER - 3

such confidential information was disclosed prior to designation of such information as such by the producing party.

5.    Testimony or information disclosed at a deposition that contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be designated as such by indicating on the record at the deposition the portions of the testimony containing such information.  There shall be no wholesale designation of transcripts as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION merely because portions of the transcript contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Alternatively, the producing party may designate testimony or information disclosed at a deposition, including exhibits, that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by notifying all Parties in writing, within twenty (20) days after the producing party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information. Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record only and persons in attendance at the deposition, from the taking of the deposition until twenty (20) days after the actual receipt of the transcript by the producing party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.  At the expiration of the said twenty (20) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

6.    Any court reporter or videographer who reports, transcribes or videotapes testimony in this action shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, except pursuant to the terms of this Order.  To the extent that CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

used in depositions or at hearings, in the absence of an order entered by the Court to the contrary, such information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to such information contained therein.  The Parties in conjunction with the Court will discuss whether certain protection of this Order for CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION should be embodied in a Protective Order that covers the trial in this matter.

7.      In the event that any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is used in any court proceeding in this action, such information shall not lose its protection hereunder through such use.  The confidentiality of such materials shall be protected as determined and directed by the Court.

8.      All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 4, shall be designated by the producing party by informing the receiving party of the designation in writing.

9.      Any documents (including physical objects) made available for initial inspection by outside counsel of record for the receiving party prior to producing copies of selected items shall be considered, as a whole, to constitute HIGHLY CONFIDENTIAL INFORMATION and shall be subjected to this Order.  Thereafter, the producing party shall have a reasonable time which shall not exceed 10 days to review and designate the appropriate documents as CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION prior to furnishing copies to the receiving party.

10.     The following information is not CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION:

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(a)    any information which at the time of disclosure to a receiving party is in the public domain;

(b)    any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order or any violation of law;

(c)    any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

(d)    any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; and

(e)    any information that the Court concludes does not qualify for protection under Fed. R. Civ. P. 26(c).

### No Waiver Of Privilege

11.    Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work-product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party.  Upon request by the producing party, the producing party shall add the inadvertently produced document(s) to a log in accordance with Fed.R.Civ.P. 26(b)(5), the receiving party shall immediately return all copies (except as explained below) of such inadvertently produced document(s) and shall immediately destroy the content of any such

STIPULATION AND PROTECTIVE ORDER - 6

inadvertently produced document(s) in any receiving party work product.  The receiving party shall not use such information for any purpose until further Order of the Court.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.  To do so, the receiving party may retain a copy of the inadvertently produced document(s) for submission to the Court.  The challenge shall not assert as a ground for production the fact or circumstances of the inadvertent production or any information about the contents of the materials that was gained due to the inadvertent production.  The protections against waiver of applicable privileges set out in this paragraph are in addition to the protections provided under Fed. R. Evid. 502(b).

### **Discovery Rules Remain Unchanged**

12.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules, or any other applicable order of this Court.

### **Persons Authorized To Receive Confidential Information, Highly Confidential Information And Outside Counsel Eyes Only Source Code**

13.     CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

(a)     the Parties' outside counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

(b)     subject to the requirements of paragraphs 15-17 herein, consultants and experts who have been retained by the receiving party or its outside counsel of record

STIPULATION AND PROTECTIVE ORDER - 7

to provide assistance in this matter (with disclosure only to the extent necessary to perform such work) and who are not current employees of the receiving party;

(c)     subject to the requirements of paragraphs 18 and 19 herein, two (2) in-house attorneys employed by Dell, Inc. and two (2) in-house attorneys employed by Toshiba America Information Systems, Inc., and two (2) in-house attorneys employed by Hewlett-Packard Company, and two (2) in-house attorneys employed by Microsoft, and two (2) paralegals or legal assistants employed by and assisting each of the identified in-house counsel;

(d)     subject to the requirements of paragraph 19, up to two (2) current employees or officers of the receiving party with responsibility for managing or evaluating this case, following identification of each employee or officer to each of the other Parties;

(e)     graphics, translation, design, jury and/or trial consulting services, including mock jurors, retained by a party;

(f)     data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases; and

(g)     the Court, its technical advisor (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers recording the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

14.     HIGHLY CONFIDENTIAL INFORMATION shall be disclosed only to the following persons:

STIPULATION AND PROTECTIVE ORDER - 8

(a)      the Parties' outside counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts and investigators;

(b)      subject to the requirements of paragraphs 15-17 herein, consultants and experts who have been retained by the receiving party or its outside counsel of record to provide assistance in this matter (with disclosure only to the extent necessary to perform such work) and who are not current employees of the receiving party;

(c)      graphics, translation, design, jury and/or trial consulting services, including mock jurors, retained by a party;

(d)      data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases; and

(e)      the Court, its technical advisor (if one is appointed), persons employed by the Court, jurors, mediators, and court reporters or videographers recording the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

(f)      subject to the requirements of paragraphs 18 and 19 herein, two (2) in-house attorneys employed by Dell Inc., one (1) in-house attorney employed by Toshiba America Information Systems, Inc., one (1) in-house attorney employed by Hewlett-Packard Company, two (2) in-house attorneys employed by Microsoft, two (2) paralegals employed by and assisting each of the identified in-house counsel, and administrative staff of the above-referenced persons.

STIPULATION AND PROTECTIVE ORDER - 9

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(g)     Miki Mullor of Ancora Technologies, Inc. is allowed access to "HIGHLY CONFIDENTIAL INFORMATION" only as follows:  To the extent that Microsoft has information suggesting that Miki Mullor has previously viewed documents designated as "HIGHLY CONFIDENTIAL INFORMATION," Microsoft will so advise Ancora and Miki Mullor will be allowed to view, but not possess, such documents.

15.     Prior to disclosure of any Protected Material to any consultant or expert, the receiving party shall first give written notice to the producing party, who shall have five (5) business days after such notice is given (plus three (3) business days if notice is given other than by hand delivery, e-mail transmission, or facsimile transmission) to object in writing.  The party desiring to disclose Protected Material to a consultant or expert shall provide the curriculum vitae of such individual and shall include the following information about such individual in the written notice:

(a)     business address;

(b)     business title;

(c)     business or profession;

(d)     any previous or current relationship (personal or professional) with any of the Parties; and

(e)     a listing of other cases in which the individual has testified (at trial or deposition), and all companies with which the individual has consulted or by which the individual has been employed, within the last four years.

16.     No Protected Material shall be disclosed to such consultant or expert until after the expiration of the foregoing notice period.

17.     If during the notice period the producing party serves an objection upon the receiving party desiring to disclose Protected Material to the consultant or expert, there shall be

STIPULATION AND PROTECTIVE ORDER - 10

no disclosure of Protected Material to such individual pending resolution of the objection.  The

producing party objecting to disclosure of Protected Material to the individual shall provide an

explanation of the basis of its objection, and consent to the disclosure of Protected Material to

the individual shall not be unreasonably withheld.  If a producing party objects to the

disclosure of Protected Material to a consultant or expert, the receiving party and producing

party shall meet and confer pursuant to Local Rule CR 37(a)(2)(A) regarding the objection

within three (3) business days after such objection is served.  If the Parties cannot come to an

agreement, the producing party shall have seven (7) business days to serve the receiving party

with the producing party's portion of a joint submission under Local Rule CR 37(a)(2)(B).

The Parties shall thereafter follow the procedures set forth in Local Rule CR 37(a)(2)(B) to file

the joint submission for resolution by the Court whether the consultant or expert shall be

precluded from having access to the producing party's Protected Material, or for other

appropriate relief.  If the producing party fails to serve a written objection or to serve its

portion of the joint stipulation within the prescribed periods above, then any objection to the

disclosure of Protected Material to the consultant or expert is waived, and any Protected

Material may be thereafter disclosed to such individual.  No document designated by a

producing party as Protected Material shall be disclosed by a receiving party to a consultant or

expert until after the individual has signed the Confidentiality Agreement appended hereto as

Attachment A, stating that he or she has read and understands this Order and agrees to be

bound by its terms.  Such written agreement shall be retained by the outside counsel of record

for the party that has retained the consultant or expert, but need not be disclosed to any other

party.

       18.     The following additional restrictions apply to Protected Material that is

produced by any of Toshiba America Information Systems, Inc. ("TAIS"), Hewlett-Packard

Company ("HP") or Dell, Inc. ("Dell") (the "PC Company Defendants).  Protected Material

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

produced by any PC Company Defendant shall not be disclosed to any employee, in-house counsel, in-house paralegal or other representative or agent of any of the other PC Company Defendants.  The limitations of this paragraph do not apply to, outside counsel of record (including staff), outside consultants or outside experts of a PC Company, retained for this action.

19.     Prior to disclosure of any Protected Material to any current employee or officer of the receiving party, outside counsel of record for the receiving party shall first obtain from such individual a signed Confidentiality Agreement, in the form appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms.  Such written agreement shall be retained by outside counsel of record for the receiving party, and a copy of which shall be produced to the producing party within seven (7) calendar days after execution.

20.     Prior to disclosure of any Protected Material to any graphics, translation, design, jury and/or trial consulting services, including mock jurors, data processing vendors, photocopy, document imaging and database services, and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases, mediators, and court reporters or videographers not employed by the Court, any such individual or an authorized representative of any such entity must execute a written Confidentiality Agreement in the form appended hereto as Attachment A.  Such agreement shall be retained by the outside counsel of record obtaining it, but need not be disclosed to any other party.

21.     In the event of a disclosure of any Protected Material to a person or persons not authorized to receive such information under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify the producing party and provide all known relevant information concerning the nature and

STIPULATION AND PROTECTIVE ORDER - 12

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

circumstances of the disclosure.  The party responsible for having made such disclosure shall also promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

### Restrictions On Source Code

22.     For purposes of this Order, "OUTSIDE COUNSEL EYES ONLY SOURCE CODE" shall mean all information or material that is produced or disclosed by a producing party to a receiving party; which constitutes source code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator) and any descriptions thereof; and which has been so designated by the producing party. Access to OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be limited to the manner provided below:

(a)     All electronic copies of OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be maintained in the custody and control of the producing party's outside counsel of record.

(b)     All hard (non-electronic) copies of OUTSIDE COUNSEL EYES ONLY SOURCE CODE and all notes, analyses or descriptions of OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be stored and viewed only at:  (i) the producing party's outside counsel of record; (ii) the receiving party's outside counsel of record; (iii) the site where any deposition relating to the OUTSIDE COUNSEL EYES ONLY SOURCE CODE is taken; (iv) the Court; or (v) any secure intermediate location reasonably necessary to transport the information to a hearing, trial, or deposition in this action.

(c)     OUTSIDE COUNSEL EYES ONLY SOURCE CODE in electronic format shall be provided for inspection only in computer-searchable format loaded on a standalone computer (i.e., a computer that is not connected to a network, the Internet or

STIPULATION AND PROTECTIVE ORDER - 13

a peripheral device other than a non-networked printer) at a secure, locked facility

designated by the producing party within the greater Detroit metropolitan area, to be

made available on three (3) business days notice.  No electronic copies of OUTSIDE

COUNSEL EYES ONLY SOURCE CODE may be made, except by the producing

party.  Inspection by a receiving party may be subject to additional reasonable security

measures by the producing party (e.g., the producing party may require presentation of

photo identification by representatives of the producing party prior to inspection).  The

inspection will proceed without any representative of the producing party or its outside

counsel present in the same room, unless agreed otherwise.  Communications among

inspection personnel shall not be recorded or otherwise purposely overheard by any

representative of the producing party or its outside counsel.

(d)     The receiving party inspecting OUTSIDE COUNSEL EYES ONLY

SOURCE CODE may have printouts of specified portions of such code on 8-1/2 by 11

inch watermarked paper.  The producing party shall Bates-stamp the printouts, label

each printout "OUTSIDE COUNSEL EYES ONLY SOURCE CODE," retain a copy of

the printouts, and provide one copy of the printouts to the receiving party.  Outside

counsel of record for the requesting party shall ensure that the printouts and any notes,

analyses or descriptions of OUTSIDE COUNSEL EYES ONLY SOURCE CODE are

stored in locked rooms when not in use and in accordance with the provisions of

paragraph 22(b).

(e)     Only those persons identified in paragraph 14 (a) through (e) may have

access to the OUTSIDE COUNSEL EYES ONLY SOURCE CODE.  Under no

condition may any person disclose, in whole or in part, copies of, or the substance of,

the OUTSIDE COUNSEL EYES ONLY SOURCE CODE of the producing party to

STIPULATION AND PROTECTIVE ORDER - 14

any unauthorized person, including any officers, directors, in-house counsel, employees, or non-litigation consultants of the receiving party.

(f)     Outside counsel of record for the receiving party with custody of OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall maintain a source code log containing the following information: (1) the identity of each person granted access to the OUTSIDE COUNSEL EYES ONLY SOURCE CODE; and (2) each date when such access was granted.  Outside counsel of record for the requesting party will produce each source code log to the producing party within sixty (60) days of the final determination of this action.

(g)     OUTSIDE COUNSEL EYES ONLY SOURCE CODE and documents describing OUTSIDE COUNSEL EYES ONLY SOURCE CODE may be filed with the Court or offered into evidence.  The party filing or offering OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall limit the portions of the OUTSIDE COUNSEL EYES ONLY SOURCE CODE that are filed or offered to those lines of code that are relevant to and necessary for deciding the issue for which the OUTSIDE COUNSEL EYES ONLY SOURCE CODE is being filed or offered.  No OUTSIDE COUNSEL EYES ONLY SOURCE CODE or documents describing the code set forth in the OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall be filed with the Court except under seal and referencing this Order.

**Prosecution Bar**

23.     Any person who actually reviews CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall not directly or indirectly (e.g., by advising) participate in the drafting or amending of any patent claims relating to the subject of the U.S. Patent No 6,411,941 or the subject of operating system software security for personal computers from the time of receipt

STIPULATION AND PROTECTIVE ORDER - 15

or review of such information through and including one (1) year following judgment (excluding any appeals) or settlement of this matter, whichever is earlier.  This restriction does not apply generally to law firms involved in this litigation, but only to specific individuals.  In the event of a re-examination of the U.S. Patent No. 6,411,941 by the U.S. Patent and Trademark office, the limitations set out in this paragraph above shall not prevent outside counsel for a party from participating in the re-examination proceedings—provided, however, that any individual counsel who actually has reviewed CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or OUTSIDE COUNSEL EYES ONLY SOURCE CODE shall not participate in the drafting, formulation, submission, prosecution, or appeal of new claims or any claim amendments related to U.S. Patent No. 6,411,941, whether as part of the above described re-examination proceedings or otherwise.  The Parties specifically agreed to address whether independent experts are subject to the prosecution bar of paragraph 23 on an as needed basis.  The Parties also specifically agreed to address whether outside counsel can participate fully in a re-examination that is initiated by or on behalf of one of the Parties in this lawsuit.  The Parties each respectfully reserve and do not waive any position or issues based on this stipulation regarding the above points.

## Challenges To Confidentiality Designations

24.     The Parties will use reasonable care when designating documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The Parties shall exercise such care on a document-by-document basis and shall not designate documents or other items CONFIDENTIAL or HIGHLY CONFIDENTIAL en masse.  Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

STIPULATION AND PROTECTIVE ORDER - 16

25.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on outside counsel of record for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The Parties shall use their best efforts to resolve such disputes promptly and informally.  If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.

**Limitations On The Use Of Confidential Information And Highly Confidential Information**

26.     CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

27.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of which such person has prior knowledge.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning any document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a producing party that establishes on its face or is established from other documents or testimony to have been previously received from or communicated to the person.

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Any such persons shall not be allowed to retain any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION disclosed under this paragraph.

28.     Pursuant to Local Rule CR 5(g), a party shall request to seal or otherwise restrict public access to any transcripts, exhibits, discovery responses, pleadings, briefs, and other material submitted to the Court that contain or disclose Protected Material by formal motion in accordance with Local Rule CR 5(g)(3)-(5), unless the Parties otherwise agree in writing that the material may not be publicly disclosed or the Court otherwise orders.  Pursuant to the Court's mandatory electronic filing requirement, such items of information shall be filed under seal pursuant to the mechanism that has been established for such filings via the Court's ECF filing system.  If a physical item containing or disclosing Protected Material cannot be so filed, it shall be submitted to the court in a sealed envelope or other appropriate sealed container.  Each sealed envelope or container shall be endorsed with the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

> This envelope contains information designated as Protected Material under the governing Court Protective Order and is not to be opened, and the contents are not to be displayed or revealed, except by order of the Court presiding over this matter.

In addition, both the sealed envelope or container and the first page of any Protected Material filed under seal shall include the conspicuous legend:  "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

29.     If any person fails to file Protected Material under seal in accordance with the terms of Paragraph 28, the producing party or any other party claiming confidentiality for the Protected Material may request that the Court place the filing under seal.

STIPULATION AND PROTECTIVE ORDER - 18

30.     Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

### Non-Party Use Of This Protective Order

31.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.  However, non-Parties to this lawsuit who designate material or information under this Protective Order shall not thereby obtain the right to have access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced by any party to this lawsuit.

### Miscellaneous Provisions

32.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

33.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each receiving party shall, at its option, either return to the producing party or destroy all physical objects and documents that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by a producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes, and other work product materials, which contain or refer to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, that all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, not embodied in physical objects and documents, shall remain subject to this Order.

STIPULATION AND PROTECTIVE ORDER - 19

Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain one copy of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial.  At the request of the producing party, a representative of the receiving party shall certify under oath that such documents have been destroyed within sixty (60) days of the final determination of this action.

34.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for enforcement of the provisions of this Order following termination of this litigation.

35.     This Order shall be binding upon the Parties and their attorneys, successors, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

36.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  This Order is only for the benefit of the Parties to this litigation.  The Court shall take appropriate measures to protect CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at trial and any hearing in this case.

37.     Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, the Protective Order will be treated as though it had been "So Ordered."

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

38.     The United States District Court for the Western District of Washington, is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced under the protection of this Protective Order shall be resolved by the United States District Court for the Western District of Washington.

**SO STIPULATED AND AGREED:**

DATED:  April 29, 2009                    DANIELSON HARRIGAN LEYH & TOLLEFSON LLP


By   /s/ Arthur W. Harrigan, Jr.
    Arthur W. Harrigan, Jr., WSBA #1751
    Christopher T. Wion, WSBA #33207

    PERKINS COIE BROWN & BAIN P.A.
    Chad S. Campbell (*Admitted pro hac vice*)
    cscampbell@perkinscoie.com
    2901 North Central Avenue, Suite 2000
    Phoenix, AZ  85012-2788
    Telephone:  602.351.8000
    Facsimile:  602.648.7000

    *Attorneys for Intervenor Microsoft Corporation and*
    *Defendants Toshiba America Information Systems,*
    *Inc., Dell Inc., and Hewlett-Packard Company*

    Stacy Quan, WSBA #21119
    Microsoft Corporation
    One Microsoft Way
    Redmond, WA 98052-6399
    Stacy.Quan@microsoft.com
    Telephone: (425) 882-8080

    *Attorney for Intervenor Microsoft Corporation*

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2  DATED:  April 29, 2009                BROOKS KUSHMAN P.C.

3

4                                        By_____/s/ Marc Lorelli_____
                                            Mark A. Cantor (*admitted Pro Hac Vice*)
5                                           John S. LeRoy (*admitted Pro Hac Vice*)
                                            Marc Lorelli (*admitted Pro Hac Vice*)
6                                           1000 Town Center, Twenty-Second Floor
                                            Southfield, Michigan 48075
7                                           Telephone:  (248) 358-4400
                                            Facsimile:  (248) 358-3351
8
                                            SUSMAN GODFREY LLP
9                                           Drew D. Hansen, WSBA #30467
                                            Floyd G. Short, WSBA #21632
10                                          Dan Walker, WSBA #38876
                                            1201 Third Avenue, Suite 3800
11                                          Seattle, WA 98101-3000
                                            Telephone:  206.516.3880
12                                          Facsimile: 206.516.3883

13                                          *Attorneys for Plaintiff Ancora Technologies, Inc. and Third
                                            Party Defendant Miki Mullor*

14

15

16

17

18

19

20

21

22

23

24

25

STIPULATION AND PROTECTIVE ORDER - 22

1

**ORDER**

2

IT IS SO ORDERED.

3

Dated this 5th day of May, 2009.

4

5

Marsha J. Pechman
United States District Judge

6

7

8

Presented by:

9

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

10

11

By  /s/ Arthur W. Harrigan, Jr.

12

Arthur W. Harrigan, Jr., WSBA #1751
Christopher T. Wion, WSBA #33207

13

PERKINS COIE BROWN & BAIN P.A.

14

Chad S. Campbell (*Admitted pro hac vice*)
cscampbell@perkinscoie.com

15

2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  602.351.8000

16

Facsimile:  602.648.7000

17

*Attorneys for Intervenor Microsoft Corporation and*

18

*Defendants Toshiba America Information Systems,*
*Inc., Dell Inc., and Hewlett-Packard Company*

19

Stacy Quan, WSBA #21119
Microsoft Corporation

20

One Microsoft Way
Redmond, WA 98052-6399

21

Stacy.Quan@microsoft.com
Telephone: (425) 882-8080

22

*Attorney for Intervenor Microsoft Corporation*

23

24

25

STIPULATION AND PROTECTIVE ORDER - 23

**EXHIBIT A**

THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC., | Case No. 2:09-cv-00270-MJP |
| Plaintiff, | **EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT** |
| v. | |
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC., DELL INC., HEWLETT-PACKARD COMPANY, | |
| Defendants, | |
| and | |
| MICROSOFT CORPORATION, | |
| Intervenor and Third Party Plaintiff, | |
| v. | |
| MIKI MULLOR, | |
| Third Party Defendant. | |

STIPULATION AND PROTECTIVE ORDER - 24

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

I, _____, state:

    1.    I reside at _____.

    2.    My present employer is _____, and my present occupation or job title is _____.

    3.    I have read and understood the Protective Order dated _____, 2009, entered in this case, and I agree to be bound by its terms.

    4.    I agree to abide strictly by the limitations of the Protective Order in the maintenance, disclosure and use of any information that I receive that has been designated under the Protective Order.

    5.    I agree to be subject to the authority of the United States District Court for the Western District of Washington in the event of any violation of this agreement or dispute related to this agreement.

    6.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

Signature: _____

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1.     I am over the age of 21 and not a party to this action.

2.     On April 29, 2009, I caused the preceding document to be served on counsel of record by ECF delivery through the CM/ECF System, by email, and by U.S. Mail, postage prepaid.

| | |
|---|---|
| SUSMAN GODFREY LLP | BROOKS KUSHMAN P.C. |
| Drew D. Hansen | Mark A. Cantor (*admitted Pro Hac Vice*) |
| Floyd G. Short | John S. LeRoy (*admitted Pro Hac Vice*) |
| Dan Walker | Marc Lorelli (*admitted Pro Hac Vice*) |
| 1201 Third Avenue, Suite 3800 | 1000 Town Center, Twenty-Second Floor |
| Seattle, WA 98101-3000 | Southfield, Michigan 48075 |
| Telephone: 206.516.3880 | Telephone: (248) 358-4400 |
| Facsimile: 206.516.3883 | Facsimile: (248) 358-3351 |
| *Attorneys for Plaintiff Ancora Technologies,* | *Attorneys for Plaintiff Ancora Technologies,* |
| *Inc. and Third Party Defendant Miki Mullor* | *Inc. and Third Party Defendant Miki Mullor* |

_    /s/ Linda Bledsoe_____
LINDA BLEDSOE

STIPULATION AND PROTECTIVE ORDER - 26